IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SUNTRUST BANK,
    Plaintiff,

vs.                              Case No. 3:09cv85/RV/EMT

NANCY RENEE O'BRIEN,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

        This cause is before the court on Defendant's "Motion to Dismess [sic] Under Rule 12(B) for Lack of Jurisdiction, Improper Venue, Insuffecient [sic] Service of Process, or Failure to State a Claim" (Doc. 7). Plaintiff responded in opposition to the motion (Doc. 8).

        After careful consideration of the record in this case, the undersigned concludes that Defendant's motion to dismiss should be denied.

I.        BACKGROUND AND PROCEDURAL HISTORY

        Plaintiff, a corporation organized and incorporated under the laws of the State of Georgia, with its principal place of business in Georgia, initiated this action by filing a complaint pursuant to this court's diversity jurisdiction under 28 U.S.C. § 1332(a) (Doc. 1). Plaintiff claims that Defendant, a citizen of Okaloosa County, Florida, executed loan instruments whereby Defendant borrowed a total of $333,000.00, secured by a mortgage on real property located in Okaloosa County, Florida, and agreed to repay the amount pursuant to scheduled installment payments under the instrument (*id.*). Plaintiff claims that Defendant failed to make the payments and is in default of the instruments; therefore, Plaintiff seeks judgment for the unpaid principal balance plus interest, attorney's fees, costs, and other charges (*id.*). Defendant was served with process on March 6, 2009 (*see* Doc. 4). On March 27, Plaintiff filed a motion for entry of default (Doc. 5), and the clerk of

court entered a default against Defendant on March 30, 2009 (Doc. 6). On April 3, 2009, Defendant filed the instant motion to dismiss (Doc. 7).

II.   ANALYSIS

In support of Defendant's motion to dismiss, she contends venue of this action is improper because the events or omissions giving rise to the complaint occurred in Okaloosa County, Florida (Doc. 7). Plaintiff opposes the motion to dismiss on two grounds. First, Defendant waived the defense of improper venue by failing to file a timely response to the complaint (*see* Doc. 8). Second, venue is proper in the Pensacola Division of this court because Defendant concedes that she resides in Okaloosa County Florida, a county located within the Pensacola Division of this court, and Defendant's address of record is the address listed as the property forming the basis for the loan instrument (*see* Docs. 1, 8).

Rule 12 of the Federal Rules of Civil Procedure provides, in relevant part:

(b)  How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

   (1) lack of subject-matter jurisdiction;

   (2) lack of personal jurisdiction;

   (3) improper venue;

   (4) insufficient process;

   (5) insufficient service of process;

   (6) failure to state a claim upon which relief can be granted; and

   (7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

Fed. R. Civ. P. 12(b). The time for Defendant to serve a responsive pleading is within twenty (20) days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). Rule 12 further provides that a party waives any defense listed in Rule 12(b)(2)–(5) by failing to make it by motion under Rule 12 or failing to include it in a responsive pleading. Fed. R. Civ. P. 12(h)(1)(B).

In the instant case, Defendant did not file an answer to the complaint. Furthermore, the instant motion was filed after the time for filing an answer had expired, as the summons and complaint were served on March 6, 2009, and the instant motion was filed on April 3, 2009, twenty-eight (28) days later. Therefore, Defendant waived the defense of improper venue, which is the only affirmative defense asserted in the instant motion.

Additionally, venue of this action is proper in the Pensacola Division of this court. Venue is governed by the general venue statute, 28 U.S.C. § 1391. Section 1391(a) of Title 28 provides that a civil action founded only on diversity jurisdiction may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). In the instant case, Defendant O'Brien, the only Defendant in this action, resides at 22 Paradise Point Road, Shalimar, Florida (*see* Doc. 7 at 1), which is located in Okaloosa County, Florida. Furthermore, Defendant concedes that all of the events or omissions giving rise to Plaintiff's claim occurred in Okaloosa County (*see id.*). Okaloosa County is in the Pensacola Division of this court. *See* N.D. Fla. Loc. R. 3.1(A). Therefore, venue is proper.

Accordingly, it is respectfully **RECOMMENDED**:

That Defendant's "Motion to Dismess [sic] Under Rule 12(B) for Lack of Jurisdiction, Improper Venue, Insuffecient [sic] Service of Process, or Failure to State a Claim" (Doc. 7) be **DENIED**.

At Pensacola, Florida this 15th day of April 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**